JAS. SPARKS *v.* CHAS. HEMPHILL.

**Contracts—Assignment of Contracts to Furnish Board.**

A contract to pay board, like contracts for personal services, is not transferable without the consent of the promisor.

**Contracts to Furnish Board.**

A person cannot be required to accept as a boarder any one who might become the purchaser of a contract entered into by the boarding-house keeper with the assignor of the contract.

APPEAL FROM JESSAMINE CIRCUIT COURT.

November 27, 1875.

OPINION BY JUDGE COFER:

The appellant entered into a contract with Robert L. Wilmore, by which he purchased from him thirteen barrels of whiskey at $2.25 per gallon, to be paid for in board.

The appellee, who is a creditor of Wilmore, sued out an attachment against his property, and caused the appellant to be summoned as a garnishee. The attachment was sustained, and the benefit of the contract with the appellant for board was adjudged to be sold, and was purchased by the appellee. The appellant excepted to the report of sale; and his exceptions having been overruled, and the sale confirmed and adjudged to vest in the purchaser the right to demand and receive the board contracted for by Wilmore, this appeal is prosecuted to reverse the order of confirmation and the judgment for the sale.

The contract to pay in board, like contracts for personal services, is not transferrable without the consent of the promisor, so as to vest any right whatever in the transferee. We think it is quite clear that appellant cannot be required to accept as a boarder any one who might become the purchaser of Wilmore's interest in the contract. If the court could, by its judgment and sale, vest in the purchaser a right to demand that he should be boarded by the appellant, then the appellee may transfer his right to another, and vest in him a like right, and so on as often as it may suit the party holding the contract to pass it to another.

Nor would the case be altered if, as assumed by the court below, the appellant is a tavern keeper. Tavern keepers cannot be compelled to take boarders. They are bound to entertain transient persons; but they are no more bound to receive boarders than are private persons; and consequently their contracts to furnish board are

no mort transferrable than similar contracts made by private persons.

It may be that the appellant might have rested upon his right to refuse to receive any one whom he did not desire to have as a boarder, and that his rights in that respect would not be precluded by the judgment and sale; but he has a right to ask this court to relieve him, and is not bound to run the risk that it may be decided that he has, by his silence and acquiescence, consented to the transfer of his obligation to the purchaser.

If, as counsel for the appellee claims, the contract between Wilmore and the appellant was fraudulent, and appellant participated in the fraud, the remedy is to attack the transaction by appropriate pleadings, and have the contract set aside, and compel the appellant to account for the value of the whiskey received from Wilmore in payment for the board agreed to be furnished.

The order confirming the sale, and the judgment directing it to be made, are *reversed,* and the cause is remanded.

*Breckenridge and Shelby, for appellant. Anderson, for appellee.*